95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Chukwu E. AZUBUKO, Plaintiff, Appellant,
v.
THE REGISTRAR OF MOTOR VEHICLES, Defendant, Appellee.
 No. 95-2366.
 United States Court of Appeals, First Circuit.
 Sept. 3, 1996.
 
 Chukwu E. Azubuko on brief pro se.
 Scott Harshbarger, Attorney General, and Beverly R. Roby, Assistant Attorney General, on brief for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 
 PER CURIAM
 
 1
 Appellant Chukwu Azubuko appeals from the dismissal of his complaint pursuant to 28 U.S.C. § 1915(d). We agree with the district court, for the reason it gave, that appellant cannot premise a right of action on the criminal statutes he cited. We affirm the dismissal of the complaint as to the rest of appellant's claims, however, on reasons different than those relied upon by the district court.
 
 
 2
 Appellant asserts that his driver's license was suspended by the Registrar of Motor Vehicles without due process in violation of the Fourteenth Amendment. In Bell v. Burson, 402 U.S. 535 (1971), the Supreme Court addressed the question in what circumstances a hearing is required prior to the suspension of a driver's license. Georgia law provided for the suspension of an uninsured motorist's driver's license when that driver was involved in an automobile accident and could not post security to cover the amount of damages claimed by others in the accident report. Although a hearing was conducted prior to the suspension, the uninsured motorist could not raise the issue of fault. Thus, such a motorist was required to post security or lose his or her license even though he or she might not have been responsible for the accident.
 
 
 3
 The Court held that once a state granted a driver's license, it could not take it away without due process of law. Id. at 539. It then held that since fault was an important factor in the decision to suspend a license, due process required a predeprivation hearing which considered whether there was a reasonable probability of judgments against the driver in the amounts claimed. Id. at 540-41.
 
 
 4
 In the case before us, appellant's license was suspended after a trial in which appellant was found liable for the damages resulting from the automobile accident in which he was involved. Thus, unlike Bell--where there was no predeprivation hearing regarding liability--appellant received a full, judicial adjudication regarding fault before his license was suspended for failing to pay the judgment rendered at the trial. Moreover, M.G.L.c. 90, § 22A provides for another, administrative hearing prior to the actual suspension. The Court of Appeals for the Fourth Circuit found constitutional a statutory scheme similar § 22A even though it did not provide for an administrative predeprivation hearing. See Tomai-Minogue v. State Farm Mut. Auto. Ins. Co., 770 F.2d 1228, 1230 (4th Cir.1985). Thus, § 22A itself appears to provide all that due process requires.
 
 
 5
 Appellant also claims that the suspension of his license impaired his fundamental right to travel and violated the equal protection clause of the Fourteenth Amendment. We reject both challenges. See Ross v. Gunaris, 395 F.Supp. 623, 627-28 (D.Mass.1975) (§ 22A does not impede the right to travel because it limits only one method of transportation, nor does it deny equal protection of the law to those unable to satisfy a property damage judgment).
 
 
 6
 For these reasons, appellant's claims, as set forth in both his complaint and amended complaint, are based on "indisputably meritless theor[ies]." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). As a result, the district court appropriately dismissed the action.
 
 
 7
 The judgment of the district court is affirmed. In so ruling, we decide only the appeal from district court case No. 95-CV-10763. No notice of appeal was ever docketed in No. 95-CV-11661 and, thus, the later case is not before us.